IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| POWERWEB ENERGY, INC., | : | Case No.: 3:12-CV-00220 (WWE) |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| HUBBELL LIGHTING, INC., *et al.* | : | |
|     Defendants. | : | June 7, 2012 |

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff moves this Court to compel Defendants to answer interrogatories, produce requested documents, and produce witnesses for noticed depositions, and states the following in support of its motion.

### Interrogatories and Document Requests

1.    As agreed in the Joint Rule 26(f) Report (doc. #27) that this Court approved (doc. #33), the parties served their first sets of interrogatories and document requests on April 26, 2012.

2.    On May 29, 2012, Plaintiff answered Defendants' interrogatories, responded to Defendants' request for documents and produced 7,531 documents totaling 46,900 pages.

3.    On the same day, Defendants each served 16 pages of objections to Plaintiff's interrogatories and 44 pages of objections to Plaintiff's request for documents, *and did not answer a single question or produce a single document*.

4.    True and correct copies of Plaintiff's discovery requests and Defendants' objections are submitted herewith as follows:

        Ex. A   Plaintiff's First Set of Interrogatories to Defendants
        Ex. B   Plaintiff's First Request for Production of Documents by Defendants
        Ex. C   HLI's Responses to Plaintiff's Interrogatories 1-16
        Ex. D   HBA's Responses to Plaintiff's Interrogatories 1-16
        Ex. E   HLI's Response to Plaintiff's Request for Production of Documents 1-43
        Ex. F   HBA's Response to Plaintiff's Request for Production of Documents 1-43

5.      In summary, Plaintiff's interrogatories asked for information about the following:

- Persons who participated in developing, marketing and selling the pertinent products (¶¶ 1-5);
- Sales and profits figures for the products (¶¶ 6-8);
- Disclosures of Plaintiff's confidential information (¶¶ 9-10);
- Other lawsuits in which Defendants were accused of unauthorized disclosure or use of confidential information (¶ 11);
- Communications with Plaintiff (¶ 12);
- Items listed in Defendants' initial disclosures (¶ 13);
- Documents lost, destroyed or withheld from production (¶¶ 14-15); and
- Others with knowledge of matters described in the Complaint (¶ 16).

6.      In summary, Plaintiff's request for production asked for the following:

- Documents listed in Defendants' initial disclosures (¶ 1);
- Documents provided to or received from persons involved in the pertinent project (¶¶ 2-10);
- Communications regarding the project (¶¶ 11-20, 28-30);
- Specifications, sketches, drawings, parts lists and descriptions regarding the pertinent products (¶¶ 21-23);
- Defendants' organizational charts (¶ 24);
- The parties' contracts (¶ 25);
- Presentations jointly made to JPMorgan Chase and the Commonwealth of Pennsylvania (¶¶ 26-27);
- Sales and financial data and projections regarding the products (¶¶ 28-32);
- Contracts with designers, manufacturers and suppliers of the pertinent products (¶ 33);
- Confidentiality agreements with others to whom Plaintiff's information was disclosed (¶¶ 34-35);
- Documents regarding other lawsuits in which Defendants were accused of unauthorized disclosure or use of confidential information (¶ 36);
- To the extent not already requested above, email and recordings containing specified terms which would only relate to this case (¶¶ 37-38);
- Statements regarding this case, as defined by Fed. R. Civ. P. 26 (¶ 39);
- Other documents identifying persons with knowledge of facts relevant to claims or defenses in this case (¶ 40); and
- Other documents identified in answers to Plaintiff's interrogatories, collected by Defendants for this case or upon which they intend to rely in this case (¶¶ 41-43).

7.      Everything Plaintiff requested is clearly discoverable and should have been provided by Defendants, but *none* of it was.

## Depositions

8.      On April 27, 2012, Plaintiff served its first notice of depositions, scheduling six of Defendants' employees for oral examination as follows:

| Witness | Date | Time |
|---------|------|------|
| David B. Smith | 06/11/12 | 10:00 a.m. |
| Randy Lewis | 06/12/12 | 10:00 a.m. |
| Martin Werr | 06/13/12 | 10:00 a.m. |
| Eric Weber | 06/14/12 | 10:00 a.m. |
| Terry Arbouw | 06/15/12 | 10:00 a.m. |
| Scott Muse | 06/19/12 | 10:00 a.m. |

9.      A true and correct copy of the notice is submitted herewith as Exhibit G.

10.     Plaintiff requested Defendants to produce the witnesses and offered to consider alternative dates if the ones selected were inconvenient.

11.     On May 3, 2012, Defendants' counsel agreed to produce the witnesses and promised to suggest alternative dates "shortly." *See* Ex. H (email).

12.     On May 21, 2012, Plaintiff's counsel asked Defendants' counsel if he had made any progress and said "[w]e need to get these depositions on the calendar before we run out of available dates." *Id.*

13.     No response has been received and no alternative dates have been proposed.

## Discovery Deadline

14.     In the parties' Joint Rule 26(f) Report, it was agreed that all fact discovery would be completed by August 10, 2012.

15.     However, that agreement presumed a level of cooperation which has not been forthcoming.

16.    By the time the Court rules on this motion and Defendants respond to Plaintiff's discovery requests, it will be nearly impossible to analyze the information received and take the necessary depositions by the current deadline.

17.    Accordingly, Plaintiff reluctantly requests an extension of the deadline for completion of fact discovery consonant with the delay caused by Defendants' intransigence.

WHEREFORE, Plaintiff respectfully requests the Court to (a) order Defendants to answer Plaintiff's interrogatories and produce all non-privileged requested documents within 10 days, (b) order Defendants to produce the requested witnesses for depositions within 60 days, and (c) extend the deadline for fact discovery to 90 days from the date of the Order and adjust all other deadlines accordingly.

s/ Rudolph Garcia
Rudolph Garcia, Esquire
BUCHANAN INGERSOLL & ROONEY PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
Fed. Bar No. phv5265
Phone:  215-665-3843
Fax:  215-665-8760
Email:  rudolph.garcia@bipc.com

Edward Wood Dunham, Esquire
WIGGIN AND DANA, LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
Fed. Bar No ct05429
Phone:  203-498-4327
Fax:  203-782-2889
Email:  edunham@wiggin.com

Attorneys for Powerweb Energy, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

POWERWEB ENERGY, INC.,        :   Case No.: 3:12-CV-00220 (WWE)
    Plaintiff,               :
                           :
v.                           :
                           :
HUBBELL LIGHTING, INC., *et al.*   :
    Defendants.           :   June 7, 2012

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff submits this memorandum in support of its motion to compel discovery.

## I.   INTRODUCTION

Plaintiff served its first set of interrogatories and its first request for production of documents on April 26, 2012.[1] In response, Defendants served 16 pages of objections to the interrogatories and 44 pages of objections to the request for documents, *and did not answer a single question or produce a single document.*[2]

On April 27, 2012, Plaintiff also served its first notice of depositions.[3] In response, Defendants have declined to produce their witnesses as scheduled and have failed to suggest any alternative dates.[4]

This motion seeks an order compelling defendants to comply with their discovery obligations.

---

[1]    *See* Ex. A-B.

[2]    *See* Ex. C-F.

[3]    *See* Ex. G.

[4]    *See* Ex. H (email).

## II.   FACTS

This case arises from a series of agreements that Plaintiff entered into with Defendants.[5] Under those agreements, Plaintiff showed Defendants how to modify their lighting products so they could be wirelessly controlled to reduce energy consumption at a fraction of the cost required for wired systems. In exchange for disclosing and licensing its technology to Defendants, Plaintiff was to receive royalties of 50% of the profits from the systems that Defendants sold.

For more than two years, Plaintiff worked on a product development team that included more than 20 of Defendants' employees and consultants. Under the protections provided by the parties' agreements, Plaintiff disclosed its patented technologies, trade secrets and know-how to the team's members and helped them transform Defendants' products into a cutting-edge wireless system. Then, in February 2011, Defendants stopped working with Plaintiff. A few months later, they began selling the wireless system on their own, without paying any of the promised royalties to Plaintiff.

As a result, Plaintiff has sued Defendants in this case for breach of contract (Count I), breach of the duty of good faith and fair dealing (Count II), unjust enrichment (Count III), misappropriation of trade secrets (Count IV), misappropriation of idea (Count V), conversion (Count VI), breach of fiduciary duty (Count VII) and unfair trade practices (Count VIII).

## III.   ARGUMENT

Rule 37 permits a party to "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). This applies to interrogatories, documents and depositions. Fed. R. Civ. P. 37(a)(3)(B).

---

[5]      *See* Compl. (doc. #1) at Ex. A-C.

Here, Defendants have not answered any of Plaintiff's interrogatories, have not produced any requested documents, and have declined to produce any of their witnesses for depositions when scheduled or on any other dates. This is clearly not good faith compliance with Defendants' discovery obligations.

Defendants attempt to justify their refusal to provide any discovery on two grounds, neither of which withstands even minimal scrutiny.

First, Defendants contend that they should not have to respond to anything until the Court enters the jointly proposed confidentiality order that was filed on April 23, 2012. All parties stipulated to the terms of the proposed order (doc. #29) except for a single disputed provision, which was submitted for the Court to decide with briefs by both sides (doc. #30-31).

On May 22, 2012, Plaintiff proposed an agreement "that we will both comply with the proposed confidentiality order whether or not it has been approved by 5/29/12, so we can provide confidential responses and documents without waiting for the approval."[6] Plaintiff also made clear that documents would be treated "in accordance with the disputed addendum to the proposed confidentiality order until the court rules on that issue."[7] Defendants responded that Plaintiff could produce its documents on that basis, but Defendants felt that "proceeding with your proposal is inappropriate for them."[8] In other words, Defendants agreed as to Plaintiff's responses, but not as to their own, even though the proposal was to follow the terms to which Defendants had already agreed, including their disputed provision.

---

[6]     *See* Ex. I (email).

[7]     *Id.*

[8]     *Id.*

Moreover, much of what Plaintiff requested is not confidential at all and should have been provided whether or not a confidentiality agreement were in place. Yet Defendants did not provide *any* information or documents.

Second, Defendants contend that they should not have to respond to anything until their motion for a protective order (doc. #34) is resolved. In that motion, Defendants sought to defer their responses to Plaintiff's discovery requests until after Plaintiff responded to Defendants' requests, despite their agreement to simultaneous discovery in the discovery plan that this Court approved, and despite the general rule that one party's discovery should not delay the other's. *See* Fed. R. Civ. P. 26(d)(2)(B). This purported justification is now moot, because Plaintiff responded to all of Defendants' discovery requests on May 29, 2012. In other words, Plaintiff has already responded first, as Defendants wanted.

Nevertheless, Defendants continue to demand more specificity regarding Plaintiff's trade secrets before providing any information regarding the "wiHUBB" products at issue. However, Defendants already know exactly what they are accused of misappropriating. It was defined in the Complaint,[9] in the parties' contracts,[10] in briefs[11] and in Plaintiff's answers to interrogatories.[12] It includes all of the concepts, specifications, components, logic, operational methodology and know-how that are encompassed within the wiHUBB products and enable them to function as a wireless lighting control system. It is also further detailed in thousands of documents that Plaintiff has produced.

---

[9]     *See* Compl. (doc. #1).

[10]    *See* Compl. Ex. A-C (doc. #1).

[11]    *See* Pl. Resp. Mot. Dismiss (doc. #23); Pl. Resp. Mot. Prot. Order (doc. #37).

[12]    *See* Ex. J at 10, ¶ 1.

Moreover, all of the requested information and documents are relevant to Plaintiff's claims for breach of contract, breach of the duty of good faith and fair dealing, unjust enrichment, misappropriation of idea, conversion, breach of fiduciary duty and unfair trade practices, whether or not any of the information is a trade secret.

Accordingly, Defendants had no legitimate basis for refusing to provide the requested information and documents.

## IV.   CONCLUSION

As set forth in the proposed Order attached hereto, this Court should (a) order Defendants to answer Plaintiff's interrogatories and produce all non-privileged requested documents within 10 days, (b) order Defendants to produce the requested witnesses for depositions within 60 days, and (c) remedy the delay caused by Defendants' intransigence by extending the deadline for fact discovery to 90 days from the date of the Order and adjusting all other deadlines accordingly.

Respectfully submitted,

s/ Rudolph Garcia

Rudolph Garcia, Esquire
BUCHANAN INGERSOLL & ROONEY PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
Fed. Bar No. phv5265
Phone:  215-665-3843
Fax:  215-665-8760
Email:  rudolph.garcia@bipc.com

Edward Wood Dunham, Esquire
WIGGIN AND DANA, LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
Fed. Bar No ct05429
Phone:  203-498-4327
Fax:  203-782-2889
Email:  <u>edunham@wiggin.com</u>

Attorneys for Powerweb Energy, Inc.

## <u>AFFIDAVIT OF ATTEMPT TO RESOLVE DISPUTE</u>

I hereby certify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I have conferred with counsel for Defendants, pursuant to Fed. R. Civ. P 37(a)(1) and Local Civil Rule 37(a), in a good faith effort to resolve the issues raised by this motion without the intervention of the Court, but have been unable to reach such an agreement.

s/ Rudolph Garcia
Rudolph Garcia, Esquire
BUCHANAN INGERSOLL & ROONEY PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
Fed. Bar No. phv5265
Phone:  215-665-3843
Fax:  215-665-8760
Email:  rudolph.garcia@bipc.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. As indicated on the Notice of Electronic Filing, all parties are able to accept electronic filing. All parties may access this filing through the Court's CM/ECF System. The following counsel are being served by the electronic filing:

Robert J. Cooney, Esquire
MCELROY, DEUTSCH, MULVANEY &
 CARPENTER, LLP
30 Jelliff Lane
Southport, CT 06890
Email:  rcooney@mdmc-law.com
Attorney for Defendants

Alfred Goodman, Esquire
ROYLANCE, ABRAMS, BERDO
 & GOODMAN, L.L.P.
1300 19th Street, N.W. Suite 600
Washington, DC 20036-1649
Email:  agoodman@roylance.com
Attorney for Defendants

Edward Wood Dunham, Esquire
WIGGIN AND DANA, LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
Email:  edunham@wiggin.com
Attorney for Plaintiff

s/ Rudolph Garcia
Rudolph Garcia, Esquire
BUCHANAN INGERSOLL & ROONEY PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
Fed. Bar No. phv5265
Phone:  215-665-3843
Fax:  215-665-8760
Email:  rudolph.garcia@bipc.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| POWERWEB ENERGY, INC., | : | Case No.: 3:12-CV-00220 (WWE) |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| HUBBELL LIGHTING, INC., *et al.* | : | |
|     Defendants. | : | June 7, 2012 |

## O R D E R

AND NOW, this          day of                    , 2012, Plaintiff's Motion to Compel Discovery is GRANTED, and it is HEREBY ORDERED as follows:

1.      Defendants shall fully answer Plaintiff's First Set of Interrogatories to Defendants and produce all non-privileged documents requested by Plaintiff's First Request for Production of Documents by Defendants within ten days from the date of this Order;

2.      Defendants shall produce all witnesses listed in Plaintiff's First Notice of Depositions for oral examination within 60 days from the date of this Order; and

3.      A new scheduling order shall be entered extending the deadline for fact discovery to 90 days from the date of this Order and adjusting all other deadlines accordingly.

**BY THE COURT:**

_____
**Warren W. Eginton**
**Senior United States District Judge**