UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| POWERWEB ENERGY, INC., | : | Case No.: 3:12-CV-00220 (WWE) |
| Plaintiff, | : | |
| v. | : | |
| HUBBELL LIGHTING, INC. and HUBBELL BUILDING AUTOMATION, INC., | : | |
| Defendants. | : | July 17, 2012 |

**MEMORANDUM OF LAW BY PLAINTIFF IN RESPONSE TO MOTION BY DEFENDANTS TO COMPEL SUPPLEMENTAL INTERROGATORY ANSWERS**

Plaintiff submits this memorandum in response to Defendants' Motion to Compel Interrogatory Responses by Plaintiff (doc. #54).

**I.  INTRODUCTION**

Defendants' motion seeks additional responses to Defendants' interrogatories 1-5, 7 and 10-18. Plaintiff served timely and appropriate answers to those interrogatories, and produced documents with further details. Defendants now want Plaintiff to prepare itemized lists of information in the documents, but Defendants can just as easily do that for themselves. Accordingly, Defendants' motion should be denied.

**II.  BACKGROUND**

This case arises from a series of agreements that Plaintiff entered into with Defendants.[1] Under those agreements, Plaintiff showed Defendants how to modify their lighting products so they could be wirelessly controlled to reduce energy consumption at a fraction of the cost required for wired systems. In exchange for disclosing and licensing its technology to

---

[1]  *See* Compl. Ex. A-C.

ORAL ARGUMENT IS NOT REQUESTED.

Defendants, Plaintiff was to receive royalties of 50% of the profits from the systems that Defendants sold.

For more than two years, Plaintiff worked on a product development team that included more than 20 of Defendants' employees and consultants. Under the protections provided by the parties' agreements, Plaintiff disclosed its patented technologies, trade secrets and know-how to the team's members and helped them transform Defendants' products into a cutting-edge wireless system. Then, in February 2011, Defendants stopped working with Plaintiff. A few months later, they began selling the wireless system on their own under a different name (wiHUBB instead of wi-Con). Plaintiff has commenced this suit to recover the promised royalties.

### III.  ARGUMENT

#### A.  Plaintiff Fully Complied with Rule 33.

Defendants contend that Plaintiff's responses to interrogatories were insufficient because the answers given were not "explicit, responsive, complete, and candid"[2] and because reference to the documents was "improper."[3] However, Defendants are wrong on both of these points.

Plaintiff provided appropriate answers to the questions and also referred Defendants to documents for additional details.

For example, interrogatory 1 asked Plaintiff to:

Describe the Powerweb Confidential Information that Powerweb alleges in the Complaint that the defendants are using and disclosing without Powerweb's consent including their component parts, function and operation if they are physical things; their steps if they are methods; their elements if they are procedures; their code or programming if they are software; and their contents if

---

[2]   Mot. at 3-7.

[3]   *Id.* at 6.

they are information; and identify all documents concerning such Powerweb Confidential Information.[4]

Plaintiff's answer was as follows:

> Subject to and without waiving the objections stated below, Plaintiff responds that Defendants' improper use and disclosure includes the concepts, specifications, components, logic, operational methodology and know-how that are encompassed within wiHUBB and enable it to function as a wireless lighting control system. For further details, see the documents produced in response to Plaintiff's Responses and Objections to Defendants' First Request for Production of Documents.[5]

Defendants call this mere speculation,[6] but it is obvious from the details on Defendants' website that wiHUBB is the same system that was protected by Plaintiff's agreements. Plaintiff has repeatedly identified this as the factual basis for its claims (in the Complaint, in the answer to interrogatory 1 and in several previous briefs). Because, the wiHUBB system was developed with Powerweb's Confidential Information, Defendants are contractually required to pay royalties to Plaintiff. There is nothing unclear about this position. Thus, Defendants' reliance on cases where the plaintiff was less forthcoming is misplaced. *Cf. United Oil Co., Inc. v. Parts Associates, Inc.*, 227 F.R.D. 404, 419 (D. Md. 2005); *In re Savitt/Adler Litig.*, 176 F.R.D. 44, 50 (N.D.N.Y. 1997).

Defendants are free to dispute Plaintiff's answer to interrogatory 1 in the normal litigation process. However, the answer is not rendered insufficient by Defendants' disagreement with what it says.

Plaintiff also referred Defendants to the documents for "further details,"[7] because the documents are the very Confidential Information and disclosures that Defendants asked about.

---

[4] Mot., Ex. A at 9.

[5] Mot., Ex. C at 10.

[6] *Id.* at 5.

[7] *Id.*

Providing a longer narrative response instead of the actual documents could only have been less precise and less complete. Thus, Defendants are taking the unusual position that Plaintiff has provided too much responsive information, not too little. The absurdity of that position is self-evident.

Plaintiff's answers to interrogatories 2-3, 7, and 10-18 also provided substantive responses and referred Defendants to the documents for further details.[8] The answers to interrogatories 4-5 are the only ones that relied entirely upon the documents, and that was because Plaintiff could add nothing more to the information that the documents provide.[9] (Interrogatory 4 asked about meetings that are evidenced by the documents, and interrogatory 5 asked about third party vendors whose contracts, communications and work product were produced.)

The documents that Plaintiff produced include many thousands of pages that delineate the confidential concepts, specifications, components, logic, operational methodology and know-how at issue, and many thousands of communications disclosing them. Plaintiff is not required to index and categorize all those documents for Defendants. Rule 33 permits reference to documents in lieu of a written answer "if the burden of deriving or ascertaining the answer will be substantially the same for either party." Fed. R. Civ. P. 33(d). The only specificity required when referring to such documents is "sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1).

Defendants can identify the documents that contain the "further details" and review them for the requested information as easily as Plaintiff can. Accordingly, referring to the documents was both appropriate and sufficient. *See Baxter Healthcare Corp. v. Fresenius Med. Care*

---

[8] *Id.*, Ex. C at 11-21, Ex. D at 10-15.

[9] *Id.*, Ex. C at 13-15.

-4-

*Holding, Inc.*, No. 07-1359, 2008 WL 5272186, at *2 (N.D. Cal. Dec. 15, 2008) (Rule 33(d) makes it "entirely appropriate" to shift the burden of correlating thousands of responsive documents to the requesting party when "the burden of deriving or ascertaining the answer will be substantially the same for either party"); *Berster Techs., LLC v. Christmas*, No. 11-1541, 2011 WL 4710801, at *2-3 (E.D. Cal. Oct. 4, 2011) (holding that reference to 14,000 electronic files was permitted by Rule 33, because "'the burden of deriving or ascertaining the answer will be substantially the same for either party'") (quoting *Baxter Healthcare*).

> The circumstances in *Baxter Healthcare* were very similar to those here:
>
> Essentially, Baxter asks Fresenius to prepare massive charts correlating the thousands of documents that are responsive to this request with each of the numerous product builds. The burden of that exercise, while massive and unnecessary, is the same for Baxter as it is for Fresenius. . . .
>
> Baxter can easily categorize the documents in the manner it desires. As Plaintiffs have recognized in their own interrogatory responses, Rule 33(d) makes it entirely appropriate to shift the burden of that exercise to the requesting party when, as here, "the burden of deriving or ascertaining the answer will be substantially the same for either party."

2008 WL 5272186, at *2. Accordingly, the court denied the motion to compel. *Id.* at *3. For the same reason, this Court should deny Defendants' motion here.

### B. Plaintiff Provided the Requested Information.

Defendants next contend that Plaintiff has "provided no date or place information and only generally directed defendants to inspect the 47,070 pages of documents produced" in the face of interrogatories that demanded specific dates.[10] Once again, this seeks to require Plaintiff to extract information from the documents that Defendants could just as easily extract themselves.

Although it is far from clear, Defendants seem to be arguing that Powerweb identified the

---

10    Motion at 9.

information it provided to Defendants instead of the information that Defendants are improperly using.[11] If so, they incorrectly presume that there is some difference between the two. Plaintiff produced the information that it provided to Defendants. Plaintiff's claim is that Defendants are using that same information in wiHUBB. If Defendants wish to dispute that, they should do so in their answer, not as the purported basis for a discovery dispute.

As noted above, Plaintiff did not only refer to the documents. Plaintiff provided reasonable answers and then referred Defendants to the documents for additional details like the dates of the many disclosures. That was expressly permitted by Rule 33, because Defendants can derive the dates from the documents as easily as Plaintiff can. *See Baxter Healthcare*, 2008 WL 5272186, at *2; *Berster Techs.*, 2011 WL 4710801, at *2-3. *See also In re Trantex Corp.*, 10 B.R. 235, 239-40 (Bankr. D. Mass. 1981) (ordering disclosure of persons, but denying motion to compel "insofar as it requests the date, time or substance of conversations in" the interrogatory at issue).

The documents produced consist of the Confidential Information that Defendants are using in wiHUBB and the communications that disclosed the information to Defendants. If Defendants want a list of each document and its date, they can prepare that themselves. If they want a list of every meeting and its location, they can prepare that from the documents as well. Neither list could be compiled more easily by Plaintiff than by Defendants. Accordingly, Plaintiff was entitled to refer Defendants to the documents for those additional details.

### C. Plaintiff's Objection is Supported by Rule 26.

Finally, Defendants challenge Plaintiff's objection to extracting all the details for them as

---

[11]   *Id*. at 8 (first paragraph).

unreasonably burdensome under Fed. R. Civ. P. 26(b).[12] This challenge is also without merit.

The request that Plaintiff cull additional details from the documents for Defendants was properly objected to under Rule 26(b) because:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

Plaintiff's explanation that the extensive details Defendants sought "would be more appropriately inquired about at depositions or gleaned from documents . . ."[13] supported the objection, because (a) listing those details would be unreasonably cumulative and duplicative of the document production, (b) reviewing the documents and asking for clarifications at depositions would be more convenient, less burdensome and less expensive, (c) Defendants have ample opportunity to obtain the information from the documents or at depositions, and (d) the burden and expense of compiling the requested lists of information for Defendants outweighs the likely benefit given that the information has already been provided in the documents.

Defendants' reliance on *Pouliot v. Paul Arpin Van Lines, Inc.*, No. 02-1302, 2004 WL 1368869 (D. Conn. June 14, 2004) (Squatrito, J), is misplaced, because *Pouliot* dealt with whether reference to a deposition was a sufficient answer to an interrogatory, not whether a burdensomeness objection was appropriate for the reasons listed in Rule 26(b)(2)(C).

---

[12]   *Id.* at 9.

[13]   *See, e.g.*, Mot., Ex. C at 12.

Moreover, in *Pouliot*, the plaintiff "provided no answers and no documents in response to [the defendant's] discovery requests." *Id.* at *1. Accordingly, the court noted that "a party may not incorporate deposition testimony or otherwise rely on future deposition testimony in lieu of offering a complete and separate response to each interrogatory." *Id.* at *2. That is not what happened here.

In the present case, Plaintiff answered Defendants' interrogatories and provided numerous documents, and then objected that providing more than that would be unreasonably burdensome. Reference to more appropriate methods of obtaining additional information was permissible support for that objection. *See Diamond v. Bon Secours Hosp.*, No. 09-865, 2010 WL 2696632, at *1 (D. Md. July 6, 2010) (deposing the plaintiff "would be more expeditious, less burdensome, and less likely to generate further discovery disputes" than requiring further interrogatory responses) (citing Rule 26(b)(2)(C)); *Johnson v. United States*, No. 10-647, 2011 WL 2709871, at *3 (N.D. Cal. July 12, 2011) ("*Interrogatory No. 4.* This interrogatory is overbroad and can be obtained from another source that is less burdensome (e.g. Mr. Johnson's own expert witness). Fed. R. Civ. P. 26(b)(2)(C).").

Thus, Plaintiff's objection was both supported and well founded. Given the information already provided, the request for even more was unreasonably burdensome.

## IV. CONCLUSION

For all the foregoing reasons, Defendants' motion should be denied.

                              Respectfully Submitted,

                              s/ Rudolph Garcia

                              Rudolph Garcia, Esquire
David Schumacher, Esquire
BUCHANAN INGERSOLL & ROONEY PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
Federal Bar Nos. phv5265; phv05462
Phone: 215-665-8700
Fax: 215-665-8760
Email: rudolph.garcia@bipc.com;
david.schumacher@bipc.com

Edward Wood Dunham, Esquire
WIGGIN AND DANA, LLP
One Century Tower
265 Church Street
P.O. Box 1832
New Haven, CT 06508-1832
Phone: 203-498-4327
Fax: 203-782-2889
Email: edunham@wiggin.com

Attorneys for Plaintiff,
Powerweb Energy, Inc.

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 17, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. As indicated on the Notice of Electronic Filing, all parties are able to accept electronic filing. All parties may access this filing through the Court's CM/ECF System. The following counsel are being served by the electronic filing:

| | |
|---|---|
| Robert J. Cooney, Esquire<br>MCELROY, DEUTSCH, MULVANEY &<br> CARPENTER, LLP<br>30 Jelliff Lane<br>Southport, CT 06890<br>Email: rcooney@mdmc-law.com<br>Attorney for Defendants | Edward Wood Dunham, Esquire<br>WIGGIN AND DANA, LLP<br>One Century Tower<br>265 Church Street<br>P.O. Box 1832<br>New Haven, CT 06508-1832<br>Email: edunham@wiggin.com<br>Attorney for Plaintiff |
| Alfred Goodman, Esquire<br>ROYLANCE, ABRAMS, BERDO<br> & GOODMAN, L.L.P.<br>1300 19th Street, N.W. Suite 600<br>Washington, DC 20036-1649<br>Email: agoodman@roylance.com<br>Attorney for Defendants | |

                                                                                                 s/ Rudolph Garcia
                                                                                                 Rudolph Garcia, Esquire
                                                                                                 BUCHANAN INGERSOLL & ROONEY PC
                                                                                                 Two Liberty Place
                                                                                                 50 S. 16th Street, Suite 3200
                                                                                                 Philadelphia, PA 19102-2555
                                                                                                 Fed. Bar No. phv5265
                                                                                                 Phone: 215-665-8700
                                                                                                 Fax: 215-665-8760
                                                                                                 Email: rudolph.garcia@bipc.com
                                                                                                 Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| POWERWEB ENERGY, INC., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No.: 3:12-CV-00220 (WWE) |
| | : |
| HUBBELL LIGHTING, INC. and HUBBELL | : |
| BUILDING AUTOMATION, INC., | : |
| | : |
| Defendants. | : |

## **O R D E R**

**AND NOW**, this          day of                    , 2012, it is hereby **ORDERED** that Defendants' Motion to Compel (doc. #54) is **DENIED**.

**BY THE COURT:**

_____