```
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF CONNECTICUT

POWERWEB ENERGY, INC.           :
                                :
                                :
v.                              :    CIV. NO. 3:12CV220 (WWE)
                                :
HUBBELL LIGHTING, INC. AND      :
HUBBELL BUILDING AUTOMATION,    :
INC.                            :
```

<u>RULING ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER [DOC. # 34];</u>
<u>DEFENDANTS' MOTION TO COMPEL [DOC. # 48]; PLAINTIFF'S MOTION TO</u>
<u>COMPEL [DOC. # 54]</u>

In this action, the plaintiff, Powerweb Energy, Inc., accuses defendants, Hubbell Lighting, Inc. and Hubbell Building Automation Inc., of breaching licensing contracts and of misappropriating trade secrets and confidential information in connection with wireless lighting controls. [doc. # 1]. Defendants' motion to dismiss the plaintiff's complaint motion is pending before Judge Eginton.

At the outset of the case, the parties agreed to simultaneous discovery. [doc. ## 27, 33]. The first round of discovery requests was propounded on April 26, 2012. On May 14, before discovery responses were due, defendants moved for a protective order [doc. # 34] that would require plaintiff to identify with reasonable specificity the trade secrets that form the basis of its trade secrets claim, prior to receiving

defendants' discovery production. On May 31, the Court heard argument on the defendants' motion for protective order. [doc. # 34]. For the reasons that follow, the motion for protective order [doc. # 34] is GRANTED and the Motions to Compel [doc. # 48 and 54] are DENIED without prejudice to refiling once the parties are in compliance with this Ruling.

Discussion

"A court is given broad discretion regarding whether to issue a protective order." U.S. v. Gramercy Advisors, No. 11mc32 (JBA), 2011 WL 1628014, at *2 (D. Conn. April 28, 2011) (citing Wells Fargo Bank, N.A. v. Konover, No. 3:05 CV 1924(CFD)(WIG), 2009 WL 585434, at *4 (D. Conn. Mar. 4, 2009)(citing Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992))). Under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, for good cause shown, a court may "requir[e] that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way...." Fed.R.Civ.P. 26(c)(1)(G). Plaintiff is correct that the timing regarding the specificity of discovery in a trade secret case is decided on a case by case basis

Defendants argue that they are entitled to specific identification of the trade secrets at issue in this case to defend against the claim and to narrow the universe of

discoverable documents. Further, defendants argue that plaintiff should be required to set forth the trade secrets at issue before obtaining the benefit of defendants' documents, which could allow plaintiff to unfairly backfill its claim. Plaintiff counters that defendants' motion undermines the simultaneous discovery agreement and that it has sufficiently defined the universe of trade secrets by identifying the documents which in combination embody the claim.

In DeRubeis v. Witten Technologies,Inc., 244 F.R.D. 676 (N.D. Ga. April 23, 2007), the Court discussed the unique challenge trade secret cases pose to the timing and scope of discovery and the different policies supporting early or late identification of the trade secrets. On one hand, the Court described the policies supporting the practice of allowing plaintiff to take discovery prior to identifying with specificity the trade secrets, noting plaintiff's broad right to discovery, the fact that plaintiff may have no way of knowing what trade secrets have been misappropriated until discovery is received, and the unfairness of forcing a plaintiff to identify the trade secrets without the benefit of discovery. Id. at 679-680. On the other hand, the Court described the policies in favor of an early identification of the trade secrets, noting that this prevents frivolous lawsuits, narrows the scope of discovery, permits defendant to mount a defense, and prevents

plaintiff from tailoring its cause of action based on the discovery received. Id. at 680-681.

Balancing these competing interests, as in DeRubeis, the Court finds good reason to require plaintiff to describe with reasonable specificity the trade secrets that form the basis of its claim. Of paramount concern to the Court is fairness and efficiency. Further, the Court agrees that defendants are entitled to an explanation of plaintiff's theory of the case before plaintiff gets the benefit of defendants' discovery.

As Judge Haight emphasized in Power Conversion, Inc. v. Saft America, Inc., No. 83 Civ. 9185, 1985 WL 1016, at *2 (S.D.N.Y. May 1, 1985),

> The question of whether a plaintiff need disclose his trade secrets to prove misappropriation or misuse by a defendant has engaged the attention of a number of courts. See, generally, 2 Milgrim on Trade Secrets (1984) at § 7.06[2], pp. 7-115-118, and cases cited. Ordinarily, 'where the details of plaintiff's trade secret constitute matters as to which there might be good faith factual controversy,' it is regarded as appropriate 'to require full disclosure as a condition precedent to relief.' Id. at p.7-118. Otherwise, the risk arises that a plaintiff, seeking to disadvantage the defendant competitor, might make broad and unspecified charges of misappropriation, obtain full disclosure of the defendant's processes, and then tailor its own claims accordingly.

As such, plaintiff is ordered to provide defendants with a description that defines with reasonable specificity the alleged trade secrets which form the basis of its misappropriation

4

claim. Plaintiff shall provide defendants with the description within fifteen (15) days of this Ruling. Upon receipt of the description, defendants shall have fifteen (15) days to respond the plaintiff's pending discovery requests. Subsequently, plaintiff will be allowed to amend or supplement its list of trade secrets upon a showing to the Court of good cause.

Conclusion

For the foregoing reasons, defendants' motion for a protective order [doc. # 34] is **GRANTED**. In light of this Court's Ruling, the cross motions to compel [doc. ## 48, 54] are **DENIED** without prejudice to refiling once the parties have complied with this Ruling. Prior to renewing any motion the parties will contact the Court to schedule a telephone status conference. <u>The parties are reminded that, prior to filing a motion to compel, they must comply with the meet and confer requirement and that the motion must be accompanied by an affidavit, in accordance with Local Rule 37.</u> <u>A case management telephone conference will be scheduled for August 8, 2012 at 3:30 pm</u>. This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); and D. Conn. L. Civ. R. 72.2.

As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 31st day of July 2012.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE