UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
POWERWEB ENERGY, INC.           :
                                :
                                :
v.                              :      CIV. NO. 3:12CV220 (WWE)
                                :
HUBBELL LIGHTING, INC. AND      :
HUBBELL BUILDING AUTOMATION,    :
INC.                            :
```

RULING ON PLAINTIFF'S MOTION FOR DETERMINATION AND TO COMPEL
[DOC. #156]

Plaintiff Powerweb Energy, Inc. moves to compel defendants Hubbell Lighting, Inc. and Hubbell Building Automation, Inc. to (1) produce two e-mails withheld on the basis of attorney-client privilege, and (2) permit plaintiff to reopen the deposition of Terry Arbouw and Eric Weber to inquire into the contents of these e-mails. For the reasons that follow, the plaintiff's motion [doc. #156] is GRANTED IN PART.

Legal Standard

The attorney-client privilege protects confidential communications between client and counsel made for the purpose of obtaining or providing legal assistance. United States v. Const. Prod. Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996). The Court construes the privilege narrowly because it renders relevant information undiscoverable; we apply it "only where necessary to achieve its purpose." Fisher v. United States, 425

U.S. 391, 403 (1976); see In re Grand Jury Investigation, 399 F.3d 527, 531 (2d Cir. 2005). The burden of establishing the applicability of the privilege rests with the party invoking it. In re Grand Jury Proceedings, 219 F.3d 175, 182 (2d Cir. 2000); United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., AFL-CIO, 119 F.3d 210, 214 (2d Cir. 1997).

The Court uses a three-pronged standard for determining the legitimacy of an attorney-client privilege claim. A party invoking the attorney-client privilege must show (1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice. In re County of Erie, 473 F.3d 413, 419 (2d Cir. 2007); Constr. Prods. Research, Inc., 73 F.3d at 473.

Again, the party asserting the privilege must establish the essential elements of the privilege. Constr. Prods. Research, Inc., 73 F.3d at 473 (citing United States v. Adlman, 68 F.3d 1495, 1499 (2d Cir. 1995)).

Discussion

There are two e-mails at issue. The first is a July 16, 2010 email from Eric Weber, Hubbell's Director of Engineering and co-inventor, to Terry Arbouw, Hubbell's Director of Business Development and co-inventor, and the second is a July 19, 2010

2

e-mail from Terry Arbouw to Eric Weber, which copies the July 16, 2010 e-mail.[1] To place this e-mail into context, defendants explain that in May 2010, Eric Weber began the internal process for submitting a patent application for the Wireless Lighting System at issue in this case. As part of that process, Weber was provided a blank IDS. In their papers, defendants state that IDS stands for Invention Disclosure Statement and attest that the IDS "consists of questions that are specifically designed to provide patent attorneys with information that potentially affects patentability." [doc. #162-4, Ex. D. Decl. Nancy Dale, ¶6]. Weber completed the IDS with input from his co-inventors and the completed IDS was forwarded to Hubbell's legal department on July 26, 2010, and then transmitted to Hubbell's outside patent counsel on July 30. [doc. #162-4, ¶10].

The e-mails at issue are an exchange between Arbouw and Weber, in which on July 16, Weber asks Arbouw to provide answers to four questions on the IDS. On July 19, Arbouw responded to Weber's July 16 e-mail with an empty e-mail which includes the July 16 e-mail thread. It is unclear whether Arbouw responded to Weber's questions by inserting his answers into the text of the original e-mail, or if the answers were part of Weber's original

---

[1] The parties have provided the July 19, 2010 e-mail for *in camera* review. Defendants have been unable to locate the original July 16, 2010 e-mail despite reasonable efforts. We know about the July 16 e-mail because it is included in the July 19 e-mail.

3

e-mail.[2],

When confronted with the e-mail chain at his deposition, Arbouw could not recall if he had responded to Weber's questions by filling out the answers underneath the numbered points. He testified that his standard way of responding to an inquiry would be to "copy and paste from the previous e-mail for clarity and put it into my responding e-mail." [doc. #156-6, Ex. 2 Arbouw Depo. at 201].

Defendants argue that Federal Circuit law governs issues of substantive patent law, and that the Federal Circuit has concluded that privilege issues over invention records are substantive. Defendants argue that under Federal Circuit law, the e-mails are protected by the attorney-client privilege which covers invention records submitted to counsel for the purpose of securing legal advice on patentability. See In re Spaulding, 203 F.3d 800 (Fed. Cir. 2000). Plaintiff counters that under Federal Circuit law, defendants have not met their burden that Arbouw intended the communication to be used for the purpose of obtaining legal advice, and therefore the e-mail is not privileged.

It is undisputed that Weber was trying to collect information for the IDS, to be submitted to Hubbell's internal

---

[2] As stated earlier, the defendants were unable to locate the original July 16 e-mail, which would clarify who authored the responses to the IDS questions.

legal department, and eventually outside counsel, for the purposes of obtaining a patent. However, on the record before the Court, there is no evidence that the July 19 e-mail from Arbouw was intended to be "for the purpose of securing legal advice". When confronted with the e-mail, Arbouw did not know what IDS meant, undermining any suggestion that Arbouw was aware that Weber's inquiry was related to the patentability of the wireless technology. When shown the e-mail chain, he testified, "it reflects Eric [Weber] asking for a timeline. I'm not sure what IDS is, though, to be honest." [doc. #156-6, ex. 2 at 198].

Defendants' reliance on Spaulding, 203 F.3d 800, is misplaced. In Spaulding, the Court conducted a particularized assessment of the IDS at issue and found that it was sent from the inventors directly to the company's corporate legal department for the purpose of evaluating patentability and therefore was for the purpose of securing legal advice. Further, the Federal Circuit cautioned that whether the attorney-client privilege applies is a case-by-case determination, where the "central inquiry is whether the communication is one that was made by a client to an attorney for the purpose of obtaining legal advice or services." Id. at 805 (citations omitted).

The Court finds that the defendants have not met their burden to establish that the July 19 e-mail from Arbouw to Weber

with the copy of the July 16 e-mail in the body is privileged. With regard to the July 16 e-mail, without the original document or at minimum testimonial evidence from the author or recipient recalling the e-mail, the Court cannot determine that it is privileged. The defendants shall provide plaintiff with an affidavit certifying that, despite reasonable efforts to locate the July 16 e-mail, they have been unable to locate it.

The Court denies plaintiff's request to reopen the depositions of Arbouw and Weber to allow questions over the July 19 e-mail. Arbouw was confronted with the e-mail and could not remember whether he had responded to Weber's questions. There appears to be no further testimony that could be elicited on the subject. With respect to Weber, when asked generally about his e-mail to Arbouw, he testified that his efforts to identify when the wiHUBB system was first disclosed were at the request of counsel. Given Weber's unilateral intent to obtain the information on the e-mail for the purposes of seeking legal advice, any further inquiry into the subject with Weber is privileged.

Conclusion

For these reasons, plaintiff's motion for determination and to compel [doc. #156] is GRANTED in part. This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 22nd day of August 2013.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE