UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

POWERWEB ENERGY, INC.            :
                                 :
                                 :
v.                               :        CIV. NO. 3:12CV220 (WWE)
                                 :
HUBBELL LIGHTING, INC. AND       :
HUBBELL BUILDING AUTOMATION,     :
INC.                             :

RULING ON DEFENDANTS' MOTIONS FOR RECONSIDERATION [DOC. # 200]

In this action, the plaintiff, Powerweb Energy, Inc.,
accuses defendants, Hubbell Lighting, Inc. and Hubbell Building
Automation Inc., of breaching licensing contracts and of
misappropriating trade secrets and confidential information in
connection with wireless lighting controls. [doc. # 1]. For the
reasons that follow, the Motion for Reconsideration [doc. # 200]
is GRANTED, and the Court adheres to its previous decision.

Defendants move for reconsideration of this Court's August
22, 2013 ruling that a July 19, 2010 email from Terry Arbouw to
Eric Weber is not privileged. Defendants argue that there is no
indication in the Court's ruling whether it considered
circumstantial evidence that Arbouw knew that the e-mail
communication with Weber was part of Hubbell's confidential
efforts to provide information necessary for the provision of
legal advice.  To be clear, the Court considered all of the

evidence submitted by defendants, direct and circumstantial, and finds that defendants have not met their burden of showing that Arbouw's communication was intended to be and was, in fact, kept confidential and made for the purpose of obtaining or providing legal advice. Defendants cite to evidence that Weber testified that the communication was privileged in nature and that Arbouw was familiar with the patent process, including submission of the IDS, in support of their position that Arbouw understood that the July 19 email was part of an effort to obtain legal advice. However, the testimony from Arbouw himself undermines the notion that he knew the information sought was for inclusion in an IDS as part of a legal process to patent the technology. Arbouw's unrefuted testimony is that he does not know what "IDS is".

The Court did not require direct testimonial evidence from Arbouw to establish privilege. Rather, Arbouw's testimony that he does not even know what IDS is, contradicts the argument that the "circumstantial evidence" shows that Arbouw knew that his communication was part of the confidential legal process to patent the technology at issue.

Conclusion

For these reasons defendants' motion for reconsideration [doc. # 200] is GRANTED and the Court adheres to its previous

Ruling. This is not a Recommended Ruling. This is a discovery

ruling or order which is reviewable pursuant to the "clearly

erroneous" statutory standard of review. 28 U.S.C. §

636(b)(1)(A); Fed.R.Civ.P. 72(a); and D. Conn. L. Civ. R. 72.2.

As such, it is an order of the Court unless reversed or modified

by the district judge upon motion timely made.

     SO ORDERED at Bridgeport this 17th day of September 2013.


              _____/s/_____
              HOLLY B. FITZSIMMONS
              UNITED STATES MAGISTRATE JUDGE