```
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF CONNECTICUT

POWERWEB ENERGY, INC.         :
                              :
                              :
v.                            :      CIV. NO. 3:12CV220 (WWE)
                              :
HUBBELL LIGHTING, INC. AND    :
HUBBELL BUILDING AUTOMATION,  :
INC.                          :
```

RULING ON DEFENDANTS' MOTION TO STRIKE [DOC. # 185]

Pending before this Court is defendants' motion to strike certain witnesses from testifying due to an inadequate and/or untimely disclosure and certain non-party documents relied on by plaintiff's damages expert and disclosed after that report was served on defendants. On September 10, 2013, the Court held a telephonic status conference to discuss the motion to strike.

The parties have resolved the issue surrounding plaintiff's disclosure of Attorney Jung, by agreeing that neither party will call Mr. Jung at trial. Notwithstanding this agreement, defendants reserve the right to object to plaintiff's insertion of patent issues as part of the trial.

The parties have also resolved the issue of Powerweb's reliance on undisclosed estimates applied by Powerweb's expert, accountant Rod Burkert. The parties have agreed that Powerweb will represent that the disclosures made on September 9 comprise

the entirety of the materials considered by Mr. Budike in developing the estimates.

The two remaining issues are (1) plaintiff's disclosure of three former Powerweb associates, John Romano, David Wissel and Vladimir Goldstein, and (2) plaintiff's reliance on two late disclosed documents from non-party Powerweb, Inc. as part of plaintiff's damages analysis.

The Court will preclude Romano, Wissel and Goldstein from being called as witnesses at trial. Plaintiff's counsel has stated that he does not have any control over and does not intend to call these witnesses, but would like to keep them on the witness list in case they are needed. None of these witnesses has been deposed, nor have their reports been disclosed. There is no basis to permit them to testify at trial, where defendants will not have the benefit of their anticipated testimony for purposes of summary judgment and to prepare for trial.[1] The motion to strike is granted as to Romano, Wissel and Goldstein.

Finally, as to the disclosure issues surrounding the Powerweb Inc. spreadsheet[2] on which plaintiff's expert relied to calculate plaintiff's damages, the Court agrees with defendants that its late disclosure is not harmless, especially where

---

[1] Note that this does not preclude either side from calling these or other undisclosed witnesses for rebuttal.
[2] The document is termed the "gSmart Software Infrastructure Costs" document.

defendants do not have the benefit of the documents that support the data input into the spreadsheet. If plaintiff intends to rely on the spreadsheet, defendants are granted leave to serve a subpoena duces tecum on Mr. Budike in advance of his deposition, requesting documents and data that support the spreadsheet, to which he apparently has access based on his relationship to Powerweb, Inc. His failure to produce the underlying documents may result in the Court precluding use of or reliance on the spreadsheet. As such, the motion to strike is granted in part and denied in part.

Conclusion

For these reason's defendants' motion to strike [doc. # 185] is granted in part and denied in part. This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 17th day of September 2013.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE