```
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF CONNECTICUT

POWERWEB ENERGY, INC.              :
                                   :
                                   :
v.                                 :     CIV. NO. 3:12CV220 (WWE)
                                   :
HUBBELL LIGHTING, INC. AND         :
HUBBELL BUILDING AUTOMATION,       :
INC.                               :
```

RULING ON DEFENDANTS' MOTION TO COMPEL [DOC. # 177]

In this action, the plaintiff, Powerweb Energy, Inc., accuses defendants, Hubbell Lighting, Inc. and Hubbell Building Automation Inc., of breaching licensing contracts and of misappropriating trade secrets and confidential information in connection with wireless lighting controls. [doc. # 1]. Pending before this Court is defendants' motion to compel plaintiff to produce a privilege log.  Plaintiff opposes defendants' motion. For the reasons that follow, defendants' motion to compel [doc. # 177] is GRANTED.

**Facts and Procedural History**

Over the course of fact discovery, defendants have served 156 requests for production, in response to which plaintiff has produced 47,078 pages.[1]  Plaintiff objected to 94 of these requests on the grounds of attorney-client privilege and/or work-product.  Plaintiff never produced a privilege log

---

[1] Plaintiff responded to defendants' three requests for production on May 29, 2012, June 4, 2012, and April 15, 2013, respectively.  Plaintiff additionally objected to two (2) interrogatories on the basis of attorney-client and/or work product privilege.

detailing the grounds of the claimed privileges.  Fact discovery closed on May 10, 2013. [doc. # 153].

On June 17, 2013, defendants' counsel, for the first time, inquired as to the status of plaintiff's privilege log. [Murphy Aff., Ex. 1, doc. #180-1].  On June 19, 2013, plaintiff advised defendants via email that a privilege log would be forthcoming later in the week.  [Murphy Aff., Ex. 2, doc. #180-2].  Five days  later, plaintiff sent defendants a letter stating, "Subject to [plaintiff's] objections and responses to Defendants' [sic] discovery requests, and subject to the parties' agreement not to log privileged documents created after the filing of this lawsuit, [plaintiff] has not withheld any responsive documents on the basis of privilege."  [Murphy Aff., Ex. 3, doc. #180-3].  On June 27, 2013, defendants again demanded production of plaintiff's privilege log.  Plaintiff responded that it would not produce a privilege log, [Murphy Aff., Ex. 3, doc. #180-3], and the subject motion followed.

**Legal Standard**

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.  However, when a party withholds an otherwise discoverable document on the basis of privilege or work product,

2

Rule 26(b)(5) <u>requires</u> that party "describe the nature of the documents, communications, or tangible things not produced or disclosed […]." Fed. R. Civ. P. 26(b)(5)(A)(ii).  This district's local rules <u>require</u> that "when a claim or privilege or work product protection is asserted in response to a discovery request […] the party asserting the privilege or protection shall provide […] a privilege log." D. Conn. L. Civ. R. 26(e).  "As essential step in meeting the burden of establishing the existence of a privilege or an immunity from discovery is the production of an adequately detailed privilege log sufficient to enable the demanding party to contest the claim."  <u>Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.</u>, 240 F.R.D. 44, 47 (D. Conn. 2007) (citations and internal quotation omitted).

**<u>Discussion</u>**

    Defendants seek production of a privilege log pursuant to Rule 26 and Local Rule 26(e).  Defendants also assert that a privilege log will provide relevant substantive information.  In response, plaintiff argues that defendants' motion is untimely, and that no documents were withheld as privileged.  Plaintiff also asserts that its counsel "did not log privileged pre-suit communications during the discovery phase because they believed that was unnecessary based on discussions with defendants' previous counsel."  The Court will first address the timeliness

argument.

Plaintiff argues that the Court should deny defendants' motion to compel because it failed to request plaintiff's privilege log until after the close of discovery. In support of this argument, plaintiff cites three cases, two from this district, denying motions to compel filed after the close of discovery. See Capozzi v. Gale Group, Inc., Civ. No. 3:00CV2129(WWE), 2002 WL 1627626 (D. Conn. June 4, 2002); Lillbask ex rel. Mauclaire v. Sergi, 193 F. Supp. 2d 503, 516 (D. Conn. 2002); Days Inn Worldwide, Inc. v. Sonia Invs., 237 F.R.D. 395, 397-98 (N.D. Tex. 2006). The Court finds plaintiff's reliance misplaced. The cases cited deny motions to compel that seek additional fact discovery, not the production of a privilege log that, under the rules, plaintiff had an obligation to produce. Moreover, in plaintiff's initial communications with defendants regarding the status of the privilege log, no objection regarding timeliness of the request was made. Indeed, plaintiff's representation that a privilege log was forth coming, followed by refusal to produce, discounts plaintiff's argument that the motion should be denied as untimely. Although the Court questions why defendants delayed requesting the privilege log[2], the plaintiff should not be relieved of its responsibilities under the rules. Indeed, "the

---

[2] Present counsel for defendants did not appear until December 3, 2012. [doc. ## 112-114].

requirement of a privilege log is intended to underscore the gravity, if not the solemnity, of an assertion that otherwise presumptively discoverable documents are exempt from discovery." Horace Mann, 240 F.R.D. at 47.  Accordingly, the Court will not deny the motion to compel on the basis of untimeliness.

Plaintiff next contends that it has not withheld any documents on the basis of privilege.  "If […] this statement remains true, there is nothing for this Court to order [plaintiff] to produce.  If, however, some documents are being withheld on an assertion of privilege, a privilege log should be produced."  Vertrue Inc. v. Meshkin, Civil No. 3:05cv1809 (PCD), 2006 WL 3469509, at *1 (D. Conn. Nov. 29, 2006).

Finally, to the extent plaintiff has deemed documents irrelevant to defendants' requests, plaintiff need not log such non-responsive documents.  See Rule 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense […]."). However, based on communications between counsel, the Court is concerned that some relevant privileged documents may exist.  See, e.g., Murphy Aff., Ex. 5, doc. # 180-5 ("There may well exist pre-litigation documents within our firm's files fitting the description you provided.  However, even if such attorney-client communications and attorney-work product could be considered within the scope of Hubbell's requests, it would be unreasonably burdensome to

undertake a review of our own files in order to log documents that would unquestionably be privileged."). Plaintiff further states in its opposition papers that its "counsel did not log privileged pre-suit communications during the discovery phase because they believed that was unnecessary based on discussions with Defendants' previous counsel." Plaintiff contends defendants' prior counsel preferred not to exchange logs of pre-suit communications due to four years of potentially relevant pre-suit communications. Although the Court believes that defendants are entitled to production of a privilege log for any withheld privileged documents, it would not be fair to require plaintiffs to produce a log of pre-suit communications if defendants have not done so themselves. As such, plaintiff shall only be required to produce a privilege log of its withheld privileged pre-suit communications where defendants agree to do the same, to the extent it has not already. However, Counsel are of course free to abide by any understanding reached with defendants' prior counsel concerning the logging of withheld pre-suit communications. The Court encourages counsel to discuss any such understandings with prior counsel to determine whether any similar agreements may likewise be reached. As such, and based on the foregoing, defendants' motion to compel [doc. # 177] is GRANTED.

**Conclusion**

Accordingly, defendants' motion to compel [doc. # 177] is **GRANTED**.  Plaintiff shall produce to defendants its privilege log of any responsive withheld documents within 14 days of this order or, alternatively, shall notify defendants by sworn statement that no such documents exist.  Should plaintiff submit a sworn statement, plaintiff shall also withdraw its objections to the discovery requests on the basis of attorney-client and/or work product privilege.

As to any withheld privileged pre-suit communications, should the parties not proceed with the understanding reached with prior counsel, the parties are ordered to produce their privilege logs within 14 days of this order.

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 15th day of October 2013.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE