```
                    UNITED STATES DISTRICT COURT

                       DISTRICT OF CONNECTICUT

POWERWEB ENERGY, INC.          :
                               :
                               :
v.                             :    CIV. NO. 3:12CV220 (WWE)
                               :
HUBBELL LIGHTING, INC. AND     :
HUBBELL BUILDING AUTOMATION,   :
INC.                           :
```

### RULING ON DEFENDANTS' MOTION TO COMPEL [DOC. # 217]

Pending before this Court is the motion of defendants, Hubbell Lighting, Inc. and Hubbell Building Automation, Inc., to compel testimony about plaintiff's diversion of funds. [Doc. # 217]. Plaintiff, Powerweb Energy, Inc., filed a response in opposition. [Doc. # 245]. For the reasons that follow, defendants' motion to compel [Doc. # 217] is DENIED IN PART AND GRANTED IN PART.

### Background

In this action, the plaintiff accuses defendants of breaching licensing contracts and of misappropriating trade secrets and confidential information in connection with wireless lighting controls, known as the Wi-Con project. [Doc. # 1]. Defendants filed a counterclaim alleging, <u>inter alia</u>, that plaintiff diverted defendants' funding to unsanctioned uses. [Doc. # 108]. In support of their counterclaims, defendants disclosed expert J. Allen Kosowsky, a forensic accountant, to examine and opine on plaintiff's finances. [Doc. # 218-16]. Mr. Kosowsky's expert report examines plaintiff's bank records, invoices, and related documents to identify the amounts

defendants paid or loaned plaintiff in connection with the Wi-Con project, and to determine how plaintiff used those funds.

Over the course of this litigation, the parties have engaged in extensive fact and expert discovery. The present dispute arises from the expert deposition testimony of plaintiff's C.E.O and primary fact witness, Lothar E.S. Budike. Mr. Budike has been disclosed as an expert witness that is not required to provide a written report because he has "not been retained or specially employed to provide expert testimony." [Doc. # 245-3]. Mr. Budike's expert disclosure covers a litany of subjects, including in pertinent part, "the agreements between the parties"; "the [Wi-Con] development process and its substantial completion[…]"; and "Defendants (sic) efforts to sabotage the Wi-Con project by insisting upon costly changes then refusing to pay for them". [Doc. # 245-3]. Defendants deposed Mr. Budike in his capacity as a primary fact witness for five (5) days, and in his capacity as an expert witness for two (2) days.[1]

During Mr. Budike's expert deposition, defendants inquired about his opinions regarding "[d]efendants' efforts to sabotage the Wi-Con project by insisting upon costly changes then refusing to pay for them" ("defendants' sabotage efforts"), including the opinions set forth in Mr. Kosowsky's expert report. Plaintiff's counsel objected to this line of questioning on the basis that it was outside the scope of Mr. Budike's expert opinion, and that fact discovery had closed.

---

[1] The second day of Mr. Budike's expert deposition was limited to three (3) hours by stipulation of the parties.

Ultimately, Mr. Budike did not testify about Mr. Kosowsky's report.  Defendants now seek an order: (1) compelling an additional two (2) hours of Mr. Budike's testimony regarding defendants' sabotage efforts, including Mr. Kosowsky's expert report; (2) requiring Mr. Budike to appear for the deposition in Hartford, Connecticut; (3) compelling plaintiff to bear the costs of the continued deposition; and (4) awarding defendants expenses incurred in making this motion.

**Legal Standard**

Parties may obtain discovery regarding any non-privileged matter that is relevant to the subject matter involved in the pending litigation. Fed. R. Civ. P. 26(b)(1). The information sought need not be admissible at trial as long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).  Rule 30(c)(2) provides that "A person may instruct a deponent not to answer [questions] only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."  Fed. R. Civ. P. 30(c)(2).  "Absent one of these exceptions, the testimony should be provided subject to objection."  Namoury v. Tibbetts, No. 3:04CV599(WWE)(HBF), 2007 WL 638436, at *1 (D. Conn. Feb. 27, 2007) (citation omitted).

**Discussion**

Defendants argue plaintiff violated Rule 30(c) by instructing Mr. Budike not to answer questions about defendants' sabotage efforts, specifically those concerning Mr. Kosowsky's

3

report.  Defendants further argue that Mr. Kosowsky's opinions are highly relevant to the case, and directly related to Mr. Budike's disclosed expert opinions.  Plaintiff argues that defendants are improperly seeking fact discovery after the Court-ordered deadline, and that Mr. Budike's expert disclosure does not include any opinions about Mr. Kosowsky's report.  Additionally, plaintiff asserts that there were no objections regarding defendants' efforts to sabotage the Wi-Con project, but to the extent the Court finds plaintiff's counsel instructed Mr. Budike not to answer, such instruction was proper "to enforce a limitation ordered by the Court."

   After careful review of the applicable portions of Mr. Budike's deposition transcripts, his expert disclosure, and the expert report of Mr. Kosowsky, it is readily apparent that Mr. Budike's dual role as primary fact witness and a disclosed expert witness are complicating what should have been a straight-forward deposition.  Moreover, in light of the breadth of issues covered in Mr. Budike's expert disclosure, the Court is not swayed by plaintiff's argument that Mr. Budike's anticipated expert testimony will not necessarily address the contents of Mr. Kosowsky's report, given that Mr. Budike is expected to testify about "the [Wi-Con] development process", the agreements between the parties, and defendants' sabotage efforts.  These topics may very well encompass the facts and opinions raised in Mr. Kosowsky's report that address expenditures on the Wi-Con project.  Although defendants' line of questioning could ostensibly fall within the category of fact

4

discovery, the Court is not willing to parse this issue given the somewhat blurred lines resulting from Mr. Budike's broad expert disclosure and his role as a "dual hat" witness. Accordingly, in light of the foregoing, plaintiff's counsel should have allowed Mr. Budike to testify, noted its objections on the record, and sought to exclude the testimony at trial. Namoury, 2007 WL 638436, at *3.

Defendants' request for a two hour continuance of Mr. Budike's expert deposition is reasonable. The Court further finds that the sought testimony is relevant to defendants' counterclaims. Therefore, the Court GRANTS IN PART defendants' motion to compel. Mr. Budike's continued expert deposition shall be limited to two (2) hours' time, and to the contents of Mr. Kosowsky's report.

Defendants' request that Mr. Budike appear for deposition in Hartford, Connecticut is DENIED. The parties shall confer and set Mr. Budike's continued deposition for a mutually agreeable date and time. The Court further urges the parties to schedule this deposition for a date and time when the Court is available to address any objections.

Finally, on the current record, the Court declines to award defendants their costs and fees for preparing the motion to compel, as well as the expenses incurred for Mr. Budike's continued deposition.

**Conclusion**

Accordingly, defendants' motion to compel [Doc. # 217] is **DENIED IN PART AND GRANTED IN PART.**

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 15th day of November 2013.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE